## 35228. McKISSICK v. McKISSICK.

BOWLES, Justice.

The parties were divorced by order of the court on the ground that the marriage was irretrievably broken. The only issue left to be tried was ownership of the family residence. The appellant-husband requested a jury trial.

The testimony of the parties was that the residence had been purchased in 1962, with title being placed in appellant's name. While all payments on the note were made from appellant's separate bank account, evidence showed that the parties had maintained separate bank accounts during their marriage and household expenses were equally divided. It was appellant's responsibility to make the house payment. During pendency of a prior divorce action between the parties, title to the residence was voluntarily transferred by warranty deed from appellant to appellee. Although appellant contended that the conveyance was alimony, there was no evidence to support this argument. Neither was there any evidence of an agreement or understanding at the time of the conveyance that the property was to be reconveyed to appellant in the future, or that the property was to be held in trust. The parties subsequently reconciled. Title to the

residence remained in appellee's name.

At the close of the evidence, the trial judge directed a verdict for appellee. We affirm.

The trial court correctly held that Code Ann. § 30-217 was inapplicable. There is no evidence appearing in the record that appellant transferred the residence as alimony. The deed itself did not recite alimony consideration. Therefore, the conveyance would not have been annulled by the parties' subsequent reconciliation.

Appellant failed to produce evidence in rebuttal of the statutory presumption of a gift so as to create a jury question. The evidence demanded a verdict in appellee's favor.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hall, J., who concur in the judgment only.*

SUBMITTED AUGUST 10, 1979 — DECIDED OCTOBER 2, 1979.

*Martin & Thomas, Clarence L. Martin,* for appellant. *John W. Beam, Jr.,* for appellee.